CARUSO SMITH PICINI P.C.
Peter C. LaGreca, Esq. (073562014)
60 Route 46 E.
Fairfield, NJ 07004
Telephone: (973) 667-6000
Facsimile: (973) 667-1200
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRISON DILLARD and AARON KING,<br><br>Plaintiffs,<br><br>v.<br><br>MORRIS COUNTY PROSECUTOR'S OFFICE, COUNTY OF MORRIS, FREDRIC M. KNAPP, individually and in his capacity as Morris County Prosecutor, THOMAS A. ZELANTE, JOHN MCNAMARA, JOHN SPEIRS, STEPHEN WILSON, DENISE ARSENAULT, STEVEN MURZENSKI, LISA BLAIN, all individually and in their capacity as current and/or former employees of the Morris County Prosecutor's Office and/or County of Morris, JOHN DOE 1-5, and JOHN DOE ENTITY 1-5,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT<br>AND<br>JURY DEMAND** |

Plaintiffs, by and through counsel, complain of the above-named defendants as follows:

**PARTIES**

1. Plaintiff Harrison Dillard is an individual residing in the County of Hunterdon, State of New Jersey.

2. Plaintiff Aaron King is an individual residing in the County of Morris, State of New Jersey.

3. Upon information and belief, Defendant Morris County Prosecutor's Office is a

prosecutorial agency with its principal place of operation located on the third floor of the Records & Administration Building, 10 Court St., Town of Morristown, County of Morris, State of New Jersey.

4. Upon information and belief, Defendant County of Morris is a governmental entity with its principal place of business located at the Records & Administration Building, 10 Court St., Town of Morristown, County of Morris, State of New Jersey.

5. Upon information and belief, Defendant Fredric M. Knapp is an individual who, at all relevant times, is in command and control of the Morris County Prosecutor's Office with a principal place of operation located on the third floor of the Records & Administration Building, 10 Court St., Town of Morristown, County of Morris, State of New Jersey. He is, at all relevant times, a citizen and resident of the State of New Jersey. He is being sued additionally in his individual capacity.

6. Upon information and belief, Defendant Thomas A. Zelante is an individual who, at all relevant times, is an employee of the Morris County Prosecutor's Office with a principal place of operation located on the third floor of the Records & Administration Building, 10 Court St., Town of Morristown, County of Morris, State of New Jersey. He is, at all relevant times, a citizen and resident of the State of New Jersey. He is being sued additionally in his individual capacity.

7. Upon information and belief, Defendant John McNamara is an individual who, at all times relevant to the causes of action set forth below, was an employee of Defendant Morris County Prosecutor's Office with a principal place of operation located on the third floor of the Records & Administration Building, 10 Court St., Town of Morristown, County of Morris, State of New Jersey. He is, at all relevant times, a citizen and resident of the State of New Jersey. He

is being sued additionally in his individual capacity.

8. Upon information and belief, Defendant John Speirs is an individual who, at all times relevant to the causes of action set forth below, was an employee of Defendant Morris County Prosecutor's Office with a principal place of operation located on the third floor of the Records & Administration Building, 10 Court St., Town of Morristown, County of Morris, State of New Jersey. He is, at all relevant times, a citizen and resident of the State of New Jersey. He is being sued additionally in his individual capacity.

9. Upon information and belief, Defendant Stephen Wilson is an individual who, at all times relevant to the causes of action set forth below, was an employee of Defendant Morris County Prosecutor's Office with a principal place of operation located on the third floor of the Records & Administration Building, 10 Court St., Town of Morristown, County of Morris, State of New Jersey. He is, at all relevant times, a citizen and resident of the State of New Jersey. He is being sued additionally in his individual capacity.

10. Upon information and belief, Defendant Denise Arsenault is an individual who, at all times relevant to the causes of action set forth below, was an employee of Defendant Morris County Prosecutor's Office with a principal place of operation located on the third floor of the Records & Administration Building, 10 Court St., Town of Morristown, County of Morris, State of New Jersey. She is, at all relevant times, a citizen and resident of the State of New Jersey. She is being sued additionally in her individual capacity.

11. Upon information and belief, Defendant Steven Murzenski is an individual who, at all times relevant to the causes of action set forth below, was an employee of Defendant Morris County Prosecutor's Office with a principal place of operation located on the third floor of the Records & Administration Building, 10 Court St., Town of Morristown, County of Morris, State

of New Jersey. He is, at all relevant times, a citizen and resident of the State of New Jersey. He is being sued additionally in his individual capacity.

12. Upon information and belief, Defendant Lisa Blain is an individual who, at all times relevant to the causes of action set forth below, was an employee of Defendant Morris County Prosecutor's Office and/or County of Morris with a principal place of business located on the third floor of the Records & Administration Building, 10 Court St., Town of Morristown, County of Morris, State of New Jersey. She is, at all relevant times, a citizen and resident of the State of New Jersey. She is being sued additionally in her individual capacity.

13. Upon information and belief, Defendant John Doe 1-5 and/or John Doe Entity 1-5 (collectively, "John Doe 1-5") is a governmental body and/or public entity, private entity, and/or an individual, male or female, that caused and/or contributed to Plaintiffs' damages, whether through an affirmative act and/or an omission under circumstances upon which there was a duty to act, whether such affirmative act and/or omission occurred prior to, on, and/or after the dates specified in this complaint, including but not limited to causing, contributing to, altering and/or hiding the circumstances of Plaintiffs' damages and/or failing to take or report action to prevent Plaintiffs' damages or the circumstances of Plaintiffs' damages.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a) to the extent the allegations in this matter are derived from 42 U.S.C. § 1983 or other due process and/or equal protection rights and allege violation of one's civil, Constitutional, due process and/or equal protections rights.

15. This Court has supplemental jurisdiction over causes of action arising under the laws of the State of New Jersey pursuant to 28 U.S.C. § 1367.

16. Venue is properly laid in the District of New Jersey by virtue of 28 U.S.C. § 1391(b), as the events and/or omissions giving rise to the claims occurred in this District and because the parties predominantly reside in this District.

## FACTUAL BACKGROUND

17. The Morris County Prosecutor's Office performance evaluation and promotional process is entirely subjective: The Administration promotes whomever they want to promote. There are no tests given; there are no interviews conducted; and there is no objective standard by which an employee is evaluated or on which an employee is chosen for promotion over another.

18. As a result, higher ranking members of the Morris County Prosecutor's Office- including but not limited to Prosecutor Fredric M. Knapp, First Assistant Prosecutor Thomas A. Zelante, Chief Assistant Prosecutor John McNamara, Chief John Speirs, Chief Stephen Wilson, Deputy Chief Denise Arsenault, and/or Deputy Chief Steven Murzenski- can and have used the performance evaluation process to systematically discredit, disparage, remove from promotional consideration, and retaliate against those they do not like, such as Plaintiffs Harrison Dillard and/or Aaron King.

19. In the context of the Knapp Administration, "those they do not like" almost always refers to minorities, among whom are Plaintiffs Dillard and King.

20. For example, during the Knapp Administration, there has been a disproportionate number of minorities receiving poor performance evaluations, including Plaintiffs Dillard and/or King.

21. For example, during the Knapp Administration, there has been a disproportionate number of minorities, including Plaintiffs Dillard and/or King, in the non-tactical units compared to the tactical and more coveted units.

22. For example, during the Knapp Administration, there has been a disproportionate number of minorities, including Plaintiffs Dillard and/or King, denied training opportunities.

23. For example, during the Knapp Administration, there has been a disproportionate number of minorities, and especially male minorities like Plaintiffs Dillard and/or King, passed over for promotions.

24. Of the current most senior MCPO detectives repeatedly passed over for promotions, five of the top eleven are minorities and four of the five are males.

25. Plaintiff Dillard has been skipped for Captain five times, every time by a White male.

26. In addition to holding back minorities from promotion, individuals at the highest levels of the Morris County Prosecutor's Office- including but not limited to Prosecutor Fredric M. Knapp, First Assistant Prosecutor Thomas A. Zelante, Chief Assistant Prosecutor John McNamara, Chief John Speirs, Chief Stephen Wilson, Deputy Chief Denise Arsenault, and/or Deputy Chief Steven Murzenski- advance their own personal agendas through the performance evaluation process by targeting for discipline and punitively transferring employees whom they do not like, such as Plaintiffs Dillard and King.

27. These types of transfers are generally known by employees of the Morris County Prosecutor's Office as "the bad boy assignment," "being in time out," and/or "being in the penalty box."

28. Employees victim to such punitive transfers, who are disproportionately minorities, refer to themselves collectively as the "land of misfit toys."

29. Moreover, individuals at the highest levels of the Morris County Prosecutor's Office- including but not limited to Prosecutor Fredric M. Knapp, First Assistant Prosecutor

Thomas A. Zelante, Chief Assistant Prosecutor John McNamara, Chief John Speirs, Chief Stephen Wilson, Deputy Chief Denise Arsenault, and/or Deputy Chief Steven Murzenski- use the internal affairs process to advance their own personal agendas and to retaliate against employees (disproportionately minority employees) whom they do not like, such as Plaintiffs Dillard and King.

30. While, for example, internal affairs complaints against Non-Black employees like Captain Mauceri, Deputy Chief Murzenski, Deputy Chief Arsenault, and Supervising Assistant Prosecutor DeNegri were being stalled, stifled, and ignored, the Morris County Prosecutor's Office Professional Standards Unit was immediately processing and aggressively pursuing internal affairs investigations into Black employees like Plaintiff Aaron King.

31. For example, Plaintiff King was subject to an internal affairs investigation in or around September 2017 for an incident that occurred only one month prior during which Plaintiff King called the Morris County Communications Center to tow a vehicle that was blocking Plaintiff King's police vehicle.

32. In contrast, by September 2017, the Professional Standards Unit still had not taken any action on Plaintiff Dillard's April 2017 internal affairs complaint against Supervising Assistant Prosecutor Samantha DeNegri for stealing time and attempting to get Plaintiff Dillard to lie for her and conceal her whereabouts.

33. Indeed, in or around September 2017, Plaintiff King began to become vocal about the racial disparities and racially charged hostile work environment within the Morris County Prosecutor's Office; Plaintiff King even sent Prosecutor Knapp a letter describing the hostile work environment Plaintiff King has been subjected to.

34. Ever since Plaintiff King first became vocal about racial discrimination within the

Morris County Prosecutor's Office, the Morris County Prosecutor's Office has retaliated against Plaintiff King by targeting him with an onslaught of never-ending unwarranted internal affairs investigations and poor performance evaluations that continues through today.

35. And, despite his reports of being subjected to a hostile work environment, the Morris County Prosecutor's Office did nothing but continue to subject Plaintiff King to a racially discriminatory hostile work environment.

36. On May 14, 2018, for example, Morris County Prosecutor's Office employee Brian Walsh showed Plaintiff King an arrest photograph of a Black male and said directly to Plaintiff King: "It's like looking in the mirror, isn't it?"

37. On April 25, 2018, for example, Plaintiff was told to "pull a chair and sit outside the room" while the White employees ate breakfast.

38. This is paradigmatic of the hostile work environment that Plaintiffs Dillard and King have endured while working for the Morris County Prosecutor's Office.

39. For example, in 2012 while Plaintiff Dillard was assigned to the Major Crimes Unit, one of his co-workers referred to a Black person as a "shine" in the presence of Plaintiff Dillard and several others including supervisors, who took zero disciplinary action upon hearing this racist remark.

40. For example, between August 2016 and May 2017, while Plaintiff Dillard was (ironically) assigned to the "Professional Standards" Unit, Plaintiff Dillard was subjected to racist remarks by his co-workers who repeatedly referred to minorities as "scum" and "those people" who Plaintiff Dillard's co-workers would never want to be around, and who live in places like Newark and Paterson where Plaintiff Dillard's co-workers would never want to go anywhere near.

41. Plaintiff Dillard reported this hostile work environment to his supervisors, Steven

Murzenski and John Speirs, on or about March 16, 2017.

42. Not only were Plaintiff Dillard's complaints disregarded, but Murzenski, Speirs, and John McNamara (who also had knowledge of Plaintiff Dillard's complaints of racism) actually used Plaintiff Dillard's complaints against him to give Plaintiff Dillard the first poor evaluations of his career, in 2016 and 2017, by characterizing Plaintiff Dillard as antisocial for not wanting to be around racists when racist statements were being made.

43. Nevertheless, Plaintiff Dillard continued to report to the Morris County Prosecutor's Office Professional Standards Unit violations of the rules and regulations, policies and procedures by ranking officers.

44. For example, on or about January 16, 2018, Plaintiff Dillard reported to Chief Wilson several incidents of misconduct and insubordination by Det. Supervisor Mike Gomez.

45. These complaints were disregarded, and Plaintiff Dillard was cautioned that reporting misconduct was going to "come back on" him and be detrimental to his career, which did in fact occur.

46. For example, in March 2018, Wilson threatened Plaintiff Dillard with disciplinary action following Plaintiff Dillard's complaint that his IA report against Det. Supervisor Gomez was being buried.

47. For example, on April 2, 2018, Plaintiff Dillard received the second poor evaluation of his career, by Murzenski, who also deceitfully altered the comments and scores in Plaintiff Dillard's evaluations by others.

48. In or around May 2018, after having been skipped for Captain five times, every time by a White male; and after having endured unrelenting racial discrimination and a hostile work environment, Plaintiff Dillard lodged a complaint against the Morris County Prosecutor's

Office with the Office of the Attorney General, Division on Civil Rights.

49. Plaintiff Dillard was eventually promoted to Captain, but only after he had lodged complaints with the Division on Civil Rights, and only after the Division on Civil Rights substantiated his complaints of racial discrimination and of unlawful retaliation.

50. Specifically, the Division on Civil Rights found that Plaintiff Dillard

> met the requirements to file an unlawful retaliation charge [because] . . . [Plaintiff Dillard] complained of racially-charged derogatory language and was subject to low performance evaluations that negatively impacted [his] ability to receive a promotion.

51. Within four days of this determination by the Division on Civil Rights, the Morris County Prosecutor's Office informed Plaintiff Dillard that he was being promoted to Captain.

52. Plaintiff Dillard's "promotion" to Captain, however, was a farce: First, Plaintiff Dillard's promotion was delayed as much as possible, until July 30, 2018. Second, although promoting Plaintiff Dillard on paper, the Morris County Prosecutor's Office continues to discriminate and retaliate against him.

53. For example, upon being "promoted" to Captain, Plaintiff Dillard was sent out on loan to the New Jersey State Police as a Task Force Officer.

54. This is an assignment typically given to young detectives, in the beginning of their law enforcement careers.

55. By "promoting" Plaintiff Dillard on paper, and then sending him out on loan to the NJSP, the Morris County Prosecutor's Office was able to accomplish their administrative objective of appeasing the Division on Civil Rights while at the same time removing Plaintiff Dillard from his position within the Office.

56. Additionally, for example, Plaintiff Dillard filed an internal affairs complaint against Captain Mauceri on January 24, 2019 for derogatory statements made by Mauceri in an e-

mail, among other things.

57. On February 26, 2019, Plaintiff Dillard filed two internal affairs complaints against Murzenski for failure to initiate an IA investigation against DeNegri and Mauceri.

58. On April 26, 2019, Murzenski gave Plaintiff Dillard a poor performance evaluation.

59. Murzenski soon thereafter retired, and was allowed by the Prosecutor's Office and the County to retire despite having open IA complaints.

60. However, when Plaintiff King resigned from the Morris County Prosecutor's Office, the Prosecutor's Office and County refused to acknowledge his resignation because he had open IA matters.

61. Specifically, on October 15, 2019, Plaintiff King served Prosecutor Knapp and Chief Chris Kimker with a resignation letter:

> I am deeply saddened, and disturbed, that I must inform you as result of the hostile work environment, and the safety of myself; I must notify you of my resignation - effective immediately. I have endured defamation of character, provided lack of opportunities, accused of multiple false allegations, and was subjected to discrimination because of my race.

62. The very next day, after having just resigned because of racial discrimination, Plaintiff King received the following response from Director of Personnel Lisa Blain:

> I have received what you claim to be your resignation from employment. You are facing multiple pending disciplinary charges calling for your termination from employment. Neither the Morris County Prosecutor's Office nor the County of Morris will accept your resignation as long as these charges are pending. Accordingly, your resignation is not accepted and will not be processed by this office.

**FIRST COUNT**
**(Conversion/ Unlawful Employment Practices/**
**Violation of the NJ Law Against Discrimination,**
**Federal Civil Rights Act, and Thirteenth Amendment)**

63. Plaintiffs repeat all prior allegations.

64. Plaintiff King, suspended without pay at the time of his resignation, was at all relevant times an at will employee of the Morris County Prosecutor's Office and the County of Morris.

65. Plaintiff King tendered his resignation on October 15, 2019.

66. On October 16, 2019, Director of Personnel Lisa Blain on behalf of the Morris County Prosecutor's Office and the County of Morris refused to accept or process Plaintiff King's resignation.

67. Plaintiff King, a Black male, who has for years been subjected by his employer to racial discrimination and a racially charged hostile work environment, is now being told by this same employer that he can't leave his job and must continue to work, without pay.

68. By refusing to accept and process Plaintiff King's resignation and/or otherwise taking action to prevent Plaintiff King from leaving, Lisa Blain, the Morris County Prosecutor's Office, and/or the County of Morris are- under color of law- forcing Plaintiff King into involuntary servitude in violation of the Thirteenth Amendment to the United States Constitution, Federal Civil Rights Act, New Jersey Law Against Discrimination, and such acts and/or omissions constitute unlawful employment practices under the laws of the State of New Jersey.

69. Further, Plaintiff King is entitled to the immediate possession of certain payments, such as compensatory time, as well as his personal property which is in the dominion and control of the Morris County Prosecutor's Office and County of Morris.

70. Inconsistent with Plaintiff King's sole title to his personal property, the Morris County Prosecutor's Office, County of Morris, and/or Lisa Blain wrongfully interfere with and deprive Plaintiff King of his property by refusing to return Plaintiff King's property to him.

71. Inconsistent with Plaintiff King's right to the immediate payment of his compensatory time, the Morris County Prosecutor's Office, County of Morris, and/or Lisa Blain wrongfully interfere with and deprive Plaintiff King of his compensatory time by refusing to remit payment.

72. Plaintiff King has been and continues to suffer damages as a result.

WHEREFORE, Plaintiff Aaron King demands judgement against Defendants Morris County Prosecutor's Office, Fredric M. Knapp, County of Morris, Lisa Blain, John Doe 1-5 and/or John Doe Entity 1-5 for damages including but not limited to the return of his personal property, compensatory damages, interest, punitive damages, attorneys' fees and costs, and such further relief as the Court and/or a jury deem appropriate.

## SECOND COUNT
### (Violation of the NJ Law Against Discrimination)

73. Plaintiffs repeat all prior allegations.

74. Through the above acts and/or omissions, Defendants Morris County Prosecutor's Office, County of Morris, Fredric M. Knapp, Thomas A. Zelante, John McNamara, John Speirs, Stephen Wilson, Denise Arsenault, Steven Murzenski, and/or John Doe 1-5 (collectively, "Defendants") created, contributed to, ratified, maintained, and/or failed to remediate a hostile work environment within the Morris County Prosecutor's Office to which Plaintiffs Dillard and King were and/or are subjected to on a daily basis.

75. Through the above acts and/or omissions, Defendants discriminated against Plaintiffs based on Plaintiffs' membership to a protected class, namely, race.

76. The above acts and/or omissions constitute racial discrimination in violation of the New Jersey Law Against Discrimination, and said acts of discrimination would not have occurred but for Plaintiffs' race.

77. As a direct and proximate result, Plaintiffs suffered damages including but not limited to adverse employment actions as well as mental and emotional anguish.

WHEREFORE, Plaintiffs Harrison Dillard and Aaron King demand judgement against Defendants Morris County Prosecutor's Office, County of Morris, Fredric M. Knapp, Thomas A. Zelante, John McNamara, John Speirs, Stephen Wilson, Denise Arsenault, Steven Murzenski, and/or John Doe 1-5 for damages including but not limited to compensatory damages, interest, punitive damages, attorneys' fees and costs, and such further relief as the Court and/or a jury deem appropriate.

## THIRD COUNT
### (Violation of the New Jersey Conscientious Employee Protection Act)

78. Plaintiffs repeat all prior allegations.

79. Plaintiffs Dillard and/or King brought to the attention of their supervisors- including but not limited to Defendants Morris County Prosecutor's Office, County of Morris, Fredric M. Knapp, Thomas A. Zelante, John McNamara, John Speirs, Stephen Wilson, Denise Arsenault, Steven Murzenski, and/or John Doe 1-5 (collectively, "Defendants")- what Plaintiffs reasonably believed to be Defendants' racial discrimination, hostile work environment, and other misconduct by Defendants and/or subordinates of Defendants.

80. Plaintiffs Dillard and/or King brought to the attention of the Division on Civil Rights what Plaintiffs reasonably believed to be Defendants' racial discrimination, hostile work environment, and other misconduct by Defendants and/or subordinates of Defendants.

81. In response, Defendants waged a targeted campaign of retaliatory actions against Plaintiffs including but not limited to the above acts and/or omissions.

82. As a direct and proximate result, Plaintiffs suffered damages including but not limited to adverse employment actions as well as mental and emotional anguish.

WHEREFORE, Plaintiffs Harrison Dillard and Aaron King demand judgement against Defendants Morris County Prosecutor's Office, County of Morris, Fredric M. Knapp, Thomas A. Zelante, John McNamara, John Speirs, Stephen Wilson, Denise Arsenault, Steven Murzenski, and/or John Doe 1-5 for damages including but not limited to compensatory damages, interest, punitive damages, attorneys' fees and costs, and such further relief as the Court and/or a jury deem appropriate.

## FOURTH COUNT
### (Malicious Prosecution/ Violation of the NJ Law Against Discrimination and the Americans With Disabilities Act)

83. Plaintiffs repeat all prior allegations.

84. Defendants Morris County Prosecutor's Office, County of Morris, Fredric M. Knapp, Thomas A. Zelante, John McNamara, John Speirs, Stephen Wilson, Denise Arsenault, Steven Murzenski, and/or John Doe 1-5 (collectively, "Defendants") investigated, initiated, maintained, pursued, and/or pressed administrative proceedings against Plaintiff Aaron King.

85. All such proceedings terminated in Plaintiff King's favor and/or in a manner not adverse to him.

86. Defendants lacked reasonable or probable cause for the administrative proceedings.

87. Defendants targeted Plaintiff King for discipline, including but not limited to internal affairs investigations, causing Plaintiff to be placed in a State Police database and/or registry, and taking other administrative actions against Plaintiff King, based on a perceived

disability and on Plaintiff King seeking alcohol and/or drug dependency treatment, without providing Plaintiff King with reasonable accommodations as required by NJ LAD and the ADA.

88. Defendants had malicious motive to investigate, initiate, maintain, pursue, and/or press administrative charges, including but not limited furthering Defendants' agenda of overt and/or implicit racial discrimination, and/or retaliating against Plaintiff King for becoming vocal about the racial disparities and racially charged hostile work environment within the Morris County Prosecutor's Office.

WHEREFORE, Plaintiff Aaron King demands judgement against Defendants Morris County Prosecutor's Office, County of Morris, Fredric M. Knapp, Thomas A. Zelante, John McNamara, John Speirs, Stephen Wilson, Denise Arsenault, Steven Murzenski, and/or John Doe 1-5 for damages including but not limited to compensatory damages, interest, punitive damages, attorneys' fees and costs, and such further relief as the Court and/or a jury deem appropriate.

## FIFTH COUNT
### (Violation of the Federal Civil Rights Act)

89. Plaintiffs repeat all prior allegations.

90. 42 U.S.C. § 1983 provides in pertinent part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or of the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]"

91. Defendants Morris County Prosecutor's Office, County of Morris, Fredric M. Knapp, Thomas A. Zelante, John McNamara, John Speirs, Stephen Wilson, Denise Arsenault, Steven Murzenski, and/or John Doe 1-5 (collectively, "Defendants"), under color of law, engaged in and/or conspired to engage in acts and/or omissions that breached federal law including 42

U.S.C. § 1983 and deprived Plaintiffs Dillard and/or King of the rights afforded to them under 42 U.S.C. § 1983, including but not limited to the right not to be subjected to racial discrimination.

92. Defendants jointly and/or severally witnessed and/or observed one or more of each other violating Plaintiffs' rights and, though having the ability and having taken an oath to uphold the law, failed to intervene.

93. In addition to directly violating the law, Defendants aided and abetted each other to violate the law, in concert and in furtherance of a scheme to deprive Plaintiff of his rights.

94. Defendants are persons and/or entities covered under the Federal Civil Rights Act.

95. As a direct and proximate result, Plaintiffs suffered damages including the deprivation of their Federal and State rights.

WHEREFORE, Plaintiffs Harrison Dillard and Aaron King demand judgement against Defendants Morris County Prosecutor's Office, County of Morris, Fredric M. Knapp, Thomas A. Zelante, John McNamara, John Speirs, Stephen Wilson, Denise Arsenault, Steven Murzenski, and/or John Doe 1-5 for damages including but not limited to compensatory damages, interest, punitive damages, attorneys' fees and costs, and such further relief as the Court and/or a jury deem appropriate.

### SIXTH COUNT
**(Negligent and/or Intentional Infliction of Emotional Distress)**

96. Plaintiffs repeat all prior allegations.

97. Defendants Morris County Prosecutor's Office, County of Morris, Fredric M. Knapp, Thomas A. Zelante, John McNamara, John Speirs, Stephen Wilson, Denise Arsenault, Steven Murzenski, and/or John Doe 1-5 (collectively, "Defendants") acted negligently and/or intentionally with respect to their acts and/or omissions described above.

98. Defendants' acts and/or omissions are extreme and outrageous.

99. As a direct and proximate result, Defendants caused Plaintiffs Dillard and/or King to suffer severe emotional distress.

WHEREFORE, Plaintiffs Harrison Dillard and Aaron King demand judgement against Defendants Morris County Prosecutor's Office, County of Morris, Fredric M. Knapp, Thomas A. Zelante, John McNamara, John Speirs, Stephen Wilson, Denise Arsenault, Steven Murzenski, and/or John Doe 1-5 for damages including but not limited to compensatory damages, interest, punitive damages, attorneys' fees and costs, and such further relief as the Court and/or a jury deem appropriate.

## JURY DEMAND

Plaintiffs demands a trial by a jury on all issues so triable.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

/s/ *Peter LaGreca*
Peter C. LaGreca

Dated: 10/17/2019